Filed 1/11/24  P. v. Roberts CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082057 |
| v. | (Super.Ct.No. RIF103844) |
| PAUL DEAN ROBERTS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Paul Dean Roberts, in pro. per.; and Brad J. Poore, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Paul Dean Roberts apparently filed a request pursuant to Penal Code section 1172.75[1] to have his prior prison term enhancement stricken.[2] The court implicitly dismissed the request by taking the matter off calendar.

Counsel has filed a brief under the authority of *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), setting forth a statement of facts, a statement of the case, and identifying three potentially arguable issues: (1) whether the court erred in determining that defendant's convictions for lewd and lascivious acts with a child under the age of 14 rendered him ineligible for relief as a matter of law; (2) whether the court erred in determining it did not have jurisdiction to recall defendant's sentence; and (3) whether the trial court erred in holding the hearing without defendant's personal presence.

Defendant was offered the opportunity to file a personal supplemental brief, which he has done.[3] Defendant contends his original convictions included findings that his offenses were committed without force or violence and that he was never convicted of sexual crimes committed in Riverside County. Therefore, defendant maintains the court

---

[1] All further statutory references are to the Penal Code unless otherwise noted.

[2] No letter, motion, request, or petition for such relief appears in the record. We infer defendant filed such a request from the court's statements: "While there were a number of invitations for me to put these on calendar because defendants sent letters, I always denied them." "I've seen several opinions and a couple of denials now from the Court of Appeals indicating I'm without jurisdiction to handle the petition because there is a statutory process for the orderly administration of the new statute. They have said the defendant does not have standing to make the petition."

[3] "If the defendant . . . files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

erred in finding him ineligible for relief without holding a hearing, with defendant present, at which the court should have held the People to the burden to prove, beyond a reasonable doubt, that defendant's prior conviction offenses were sexually violent. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND[4]

Both defendant's underlying cases arose from convictions that originated in Orange County in 1984 and 1985, but were transferred to Riverside County during defendant's period of probation. In the first case, defendant pled guilty to eight counts under sections 288, subdivision (a) (lewd or lascivious conduct upon a child under 14) and 647a (child molesting). Defendant admitted he had committed lewd acts four times against the first victim, two times against the second victim, and one time against the third and fourth victims. (*Roberts I*, *supra*, E003648; *Roberts II*, *supra*, E042192.)

In the second case, defendant pled guilty to five counts of lewd and lascivious conduct (§ 288, subd. (a)) upon a 12-year-old victim: "[D]efendant admitted the charges in the following language: [¶] 'I placed my penis in contact with his buttocks. I placed his penis in my mouth on [two] separate occasions, I masturbated the penis of [the victim] (age 12) and had [the victim] masturbate my penis all acts done with and for the purpose of my own sexual gratification.'" (*Roberts I*, *supra*, E003648.) The court placed

---

[4] We take judicial notice of this court's prior opinions from defendant's appeal from the revocation of his probation (*People v. Roberts* (Oct. 3, 1988, E003648) [nonpub. opn.] (*Roberts I*)), and his appeal from his judgment for failure to register as a sex offender (*People v. Roberts* (June 9, 2008, E042192) [nonpub. opn.] (*Roberts II*)). (Evid. Code, §§ 452, 459; Cal. Rules of Court, rule 8.1115(b).)

3

defendant on probation with a suspended sentence and required that he register as a sex offender. (*Roberts II*, *supra*, E042192.)

In 1986, while on probation, defendant forced an eight-year-old boy to orally copulate him. The trial court revoked defendant's probation on October 1, 1986.[5] The court sentenced defendant to 15 years in the first case and 10 consecutive years in the second. (*Roberts I*, *supra*, E003648; *Roberts II*, *supra*, E042192.)

Defendant appealed. This court affirmed the judgment. (*Roberts I*, *supra*, E003648.) After he completed a portion of his 25-year sentence, defendant was released from prison. (*Roberts II*, *supra*, E042192.)

As a sex offender, defendant was required to notify law enforcement of his residence or location in California. Defendant had repeatedly requested permission to leave California; his parole agent told him he could not do so. Defendant was to report to his parole agent on October 15, 2001, but failed to show. That day, defendant's parole agent checked defendant's motel and was informed defendant had left. (*Roberts II*, *supra*, E042192.)

By Christmas 2001, defendant had moved in with a woman and her 10-year-old son, in Montana. California law enforcement located defendant in Montana shortly before they arrested him in March 2005. (*Roberts II*, *supra*, E042192.)

---

[5] We note that *Roberts I* reflects that the court revoked defendant's *probation* on October *1*, 1986, while *Roberts II* reflects the court revoked defendant's *parole* on October *21*, 1986. (*Roberts I*, *supra*, E003648; *Roberts II*, *supra*, E042192.) The discrepancy is of no relevance in the instant case.

4

A jury convicted defendant of failing to notify law enforcement he had changed his residence or location (§ 290, subd. (f)(1), count 1) and failing to register his new address within five working days of moving on or about October 16, 2001 (§ 290, subd. (a)(1)(A); count 2). The court thereafter found true allegations defendant had suffered four prior strike convictions (§§ 667, subds. (c) & (e)(2)(A) & 1170.12, subd. (c)(2)(A)) and one prior prison term (§ 667.5, subd. (b)). The court sentenced defendant to a total term of 26 years to life in state prison consisting of a term of 25 years to life on count 1, plus a consecutive one-year for the prison prior. The court also imposed a term of 25 years to life on count 2 but stayed the sentence under section 654. (*Roberts II*, *supra*, E042192.)

Defendant appealed. This court reversed the judgment as to the count 2 offense. In all other respects, this court affirmed the judgment. (*Roberts II*, *supra*, E042192.) On November 6, 2008, the court dismissed the count 2 offense.

At a hearing on July 31, 2023, at which defendant was represented but not present, the court observed: "While there were a number of invitations for me to put these on calendar because defendants sent letters, I always denied them. I always sent a copy of that, of the letter, to both the prosecutor and to a member of the public defender's office. But I've seen several opinions and a couple of denials now from the Court of Appeals indicating I'm without jurisdiction to handle the petition because there is a statutory process for the orderly administration of the new statute. They have said the defendant

5

does not have standing to make the petition." "All right. Then that being the case, this one is off calendar."

Nevertheless, the court noted that defendant's prior prison term "purports to be a violation of . . . section 288, subdivision (a), which does survive the change in the law as it relates to prison priors. So it would appear that the gentleman is not entitled to relief."

## II. DISCUSSION

Defendant contends his original conviction included a finding that his offenses were committed without force or violence and that he was never convicted of sexual crimes committed in Riverside County. Therefore, defendant maintains the court erred in finding him ineligible for relief. He argues the court should have held a hearing, with defendant present, at which the court should have held the People to the burden to prove, beyond a reasonable doubt, that defendant's prior conviction offenses were sexually violent. We affirm.

"Prior to January 1, 2020, section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years. [Citation.] Effective January 1, 2020, Senate Bill No. 136 (2019-2020 Reg. Sess.) (Stats. 2019, ch. 590) (Senate Bill 136) amended section 667.5 by limiting the prior prison term enhancement to only prior terms for sexually violent offenses. [Citations.] Enhancements based on prior prison terms served for other offenses became legally invalid. [Citation.] The amendment was to be applied

6

retroactively to all cases not yet final on January 1, 2020. [Citation.]" (*People v. Burgess* (2022) 86 Cal.App.5th 375, 379-380 (*Burgess*).)

A "'[s]exually violent offense' means the [] acts when committed by force, violence, duress, menace, fear of immediate and unlawful bodily injury on the victim or another person, or threatening to retaliate in the future against the victim or any other person, . . . and result[ing] in a [felony] conviction . . . of Section . . . 288 . . ." (Welf. & Inst. Code, § 6600, subd. (b).)

"Later, in 2021, the Legislature enacted Senate Bill No. 483 (2021-2022 Reg. Sess.) (Senate Bill 483). This bill sought to make the changes implemented by Senate Bill 136 retroactive. [Citation.] It took effect on January 1, 2022, and added former section 1171.1, now section 1172.75, to the Penal Code. (Stats. 2021, ch. 728, § 3; Stats. 2022, ch. 58, § 12.)" (*Burgess*, *supra*, 86 Cal.App.5th at p. 380.)

"Section 1172.75 states that '[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid.' (§ 1172.75, subd. (a).) The statute further establishes a mechanism to provide affected defendants a remedy for those legally invalid enhancements. Subdivision (b) of section 1172.75 directs the Secretary of the Department of Corrections and Rehabilitation (CDCR) and the correctional administrator of each county to 'identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a) and . . . provide the name of each person, along with the

7

person's date of birth and the relevant case number or docket number, to the sentencing court that imposed the enhancement.' [Citation.]" (*Burgess*, *supra*, 86 Cal.App.5th at p. 380.)

"[S]ection 1172.75 does not authorize a defendant to seek resentencing on his or her own motion or petition. Rather the process is triggered by the [CDCR] identifying a defendant as a person serving a sentence that includes a prior prison term enhancement. [Citation.]" (*People v. Cota* (2023) 97 Cal.App.5th 318, 332.)

Regardless of whether any or all of defendant's 13 convictions for lewd and lascivious behavior with minors under section 288, subdivision (a), would qualify as sexually violent, the court was without jurisdiction to rule on the matter because defendant brought the request for relief himself. Only the filing of documentation by the CDCR would trigger the court's jurisdiction to strike defendant's prior prison term enhancement. (*Cota*, *supra*, 97 Cal.App.5th at p. 332; *Burgess*, *supra*, 86 Cal.App.5th at p. 380.) Thus, the court correctly dismissed defendant's request for relief for lack of jurisdiction.

### III.  DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER_____
                                     Acting P. J.

We concur:

MILLER_____
                        J.

FIELDS_____
                        J.